UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
Statesville DIVISION
DOCKET NO. 5:16-cv-00006-GCM

| | | |
|---|---|---|
| **SHERRY B. COFFING,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **NANCY A. BERRYHILL** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court upon Plaintiff's Motion for Summary Judgment (Doc. No. 12) and the Commissioner's Motion for Summary Judgment (Doc. No. 14). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.     Administrative History**

Plaintiff filed an application for a period of disability and Disability Insurance Benefits on October 31, 2012, alleging a disability onset date of July 2, 2011. Plaintiff's claim was denied both initially and on reconsideration; thereafter, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to Plaintiff, from which Plaintiff appealed to the Appeals Council. On November 10, 2015, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision Defendant's final administrative decision on Plaintiff's applications. Thereafter, Plaintiff timely filed this action.

1

## II. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, *supra*. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays v. Sullivan*, *supra*.

## III. Substantial Evidence

### A. Introduction

The court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and

(5) Whether the claimant is able to do any other work, considering her RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i-v). In this case, the Commissioner determined Plaintiff's claim at the fifth step of the sequential evaluation process.

C. **The Administrative Decision**

In rendering the decision, the ALJ applied the five-step sequential evaluation process for evaluating disability claims set forth in the regulations. The ALJ found at step one of the sequential evaluation that Plaintiff had not engaged in substantial gainful activity after the alleged onset date (Tr. 33), and at step two that Plaintiff had the following severe, medically determinable impairments: history of cerebrovascular accident, restless leg syndrome, status post right knee surgery, seizure disorder, depression generalized anxiety disorder, and a history of learning problems (Tr. 33). At the third step, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 34-35).

Next, the ALJ determined that Plaintiff had the residual functionary capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except the claimant

can occasionally climb ramps or stairs, but never climb ladders, ropes or scaffolds. (Tr.35-41). Also, the ALJ added that the claimant can occasionally kneel and crawl, is able to handle and finger bilaterally, should avoid even moderate exposure to hazards such as heights and moving machinery, can occasionally interact with the public, and the claimant can understand, remember, and carry out simple instructions involving only simply work-related decisions. (*Id.*). In making this finding, the ALJ considered all symptoms and the extent to which these symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, as required by 20 C.F.R. § 404.1529 and SSRs 96-4p and 96-7p. (Tr. 35). While the ALJ found that the Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, she determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible (Tr. 38).

At the fourth step, the ALJ found that Plaintiff could not perform any past relevant work. (Tr. 41).

At the final step, the ALJ found that there are jobs that exist in significant numbers in the national economy that the claimant can perform. (Tr. 41). The ALJ reached this conclusion after considering the claimant's age, education, work experience, and residual functional capacity in conjunction with the Medical-Vocational Guidelines. (*Id.*) The vocational expert testified that given all these factors, the claimant would be able to perform the requirements of occupations such as a housekeeper, a garment sorter, and a linen grader and sorter. (Tr. 42). Therefore, the ALJ found that Coffing was not disabled under the Act. (*Id.*).

    **D.**    **Discussion**

Plaintiff has made the following assignments of error: (1) whether the ALJ properly considered the Plaintiff's Mental Residual Functional Capacity (RFC); (2) whether the ALJ

erred in making its credibility determination on Coffing's testimony; and (3) whether the ALJ properly weighed the opinions expressed by treating, examining, and non-examining medical sources.

The Plaintiff's first assignment of error contends that the ALJ's decision is inconsistent with the Fourth Circuit's ruling in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015).

In this case, as in *Mascio*, the ALJ determined that the Plaintiff has moderate difficulties with regard to concentration, persistence or pace. (Tr. 34) (*See Mascio*, 780 F.3d at 638). Plaintiff notes that the ALJ did limit Coffing to simple instructions in an environment free of fast-paced production requirements involving only simple work-related decisions, but did not make any determination regarding Coffing's ability to stay on task. (Doc. No. 13 at 10). Plaintiff argues that the *Mascio* holding is directly on point in this case:

> we agree with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.' Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

(Doc. No. 13 at 10) (quoting *Mascio*, 780 F.3d at 638).

Consequently, the Plaintiff argues that "only a determination of Coffing's ability to stay on task would account for the limitation in concentration, persistence, and pace." (Doc. No. 13 at 11). According to the Plaintiff, without such a determination, the ALJ's decision must be remanded. (Doc. No. 13 at 12) (citing *Mascio*, 780 F.3d 632).

The Court finds the Defendant's attempts to distinguish *Mascio* from this case unpersuasive. The Defendant's argument centers on the claim that the *Mascio* holding "is rendered moot by the ALJ's reliance on the two State agency consultant opinions." (Doc. No. 15

at 10). The Defendant does not cite this rather significant limitation on *Mascio* and this Court finds no such limitation in the Fourth Circuit's reasoning. (*Id.*). Because, it takes this approach, the Defendant's argument centers on the ALJ's reliance on the expert opinions of State agency psychological consultants and why giving such weight to these opinions was proper. (*Id.*).

The Defendant's argument misses the point. It pays little attention to the Plaintiff's argument that the ALJ did not adequately address Coffing's limitations in concentration, persistence, or pace in its residual functional capacity determination.

The Fourth Circuit held in *Mascio* that a remand was in order where the ALJ did not explain why the claimant's moderate limitation in concentration, persistence, or pace "does not translate into a limitation in Mascio's residual functional capacity." (*Mascio*, 780 F.3d at 638). These limitations are not accounted for by restricting the claimant to simple tasks because "the ability to perform simple tasks differs from the ability to stay on task." (*Id.*).

The holding in *Mascio* relates directly to the case at hand. The ALJ found Coffing has a moderate limitation with regard to concentration, persistence, or pace. (Tr. 34). Yet, the ALJ did not address Plaintiff's ability to stay on task and thus did not explain why such a limitation "does not translate into a limitation in [the claimant's] residual functional capacity." (*Mascio*, 780 F.3d at 638).

The Court finds Plaintiff's arguments to be persuasive. (Doc. No. 12). The ALJ's failure to adequately address Plaintiff's limitations as to concentration, persistence, and pace, alone, frustrates meaningful review and is sufficient cause for remand. This opinion does not reach the question of whether Plaintiff can perform work in the national economy. The Court finds that the ALJ's opinion is deficient based on the Fourth Circuit's decision in *Mascio v. Colvin*. (*See Kidd v. Colvin*, 1:15-CV-208-GCM-DCK, 2017 WL 443469 (W.D.N.C. Jan. 10, 2017) aff'd by 2017

WL 442898 (W.D.N.C. Feb. 1, 2017); *Broadway v. Berryhill*, 3"15-CV-0566-GCM-DCK (W.D.N.C. Feb. 13, 2017)).

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) Plaintiff's Motion for Summary Judgment (Doc. No. 12) is **DENIED**;

(2) Defendant's Motion for Summary Judgment (Doc. No. 14) is **DENIED**;

(3) the Commissioner's determination is **VACATED** and this matter is **REMANDED** for a new hearing and further consideration

Signed: March 29, 2017

Graham C. Mullen
United States District Judge